UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID DESANTIS,

                Plaintiff,

      v.                                                    5:09-CV-0530
                                                                                (NAM/GHL)

STATE OF NEW YORK and JUDGE KIMBERLY SEAGER,

                Defendants.

APPEARANCES

DAVID DESANTIS
Plaintiff *pro se*
12 Schuyler Street, Apt. 104
Oswego, NY 13126

GEORGE H. LOWE, United States Magistrate Judge

**REPORT-RECOMMENDATION & ORDER**

      The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff David DeSantis, together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.)

      Plaintiff alleges that his constitutional rights were violated by Kimberly Seager, a Family Court Judge in Oswego, New York, on January 16, 2009. Dkt. No. 1. Plaintiff alleges that during a court proceeding involving a "support matter," it became apparent that Judge Seager "did not like" the fact that Plaintiff had dismissed three attorneys. *Id.* at pp. 2-3. He also alleges that Judge Seager informed Plaintiff that if he was unable to obtain legal representation, he would have to represent himself. *Id.* Plaintiff further complains that Judge Seager advised some other individual to obtain an attorney for a future court proceeding. *Id.* at p. 3.

      Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.* The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

Plaintiff named Kimberly Seager, a Family Court Judge in Oswego, New York, as a Defendant. The allegations against Judge Seager relate to actions taken by the judge in her official capacity. The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotation marks omitted). Accordingly, Judge Seager should be dismissed from this action.

Plaintiff also named the State of New York as a Defendant. However, to the extent that he seeks monetary damages from this Defendant, Dkt. No. 1 at 5, the Eleventh Amendment to the United States Constitution bars such claims. *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988) (citations omitted); *Amankwaah v. Cayuga County*, No. 92-CV- 1103, 1992 WL 296459, at *2-3 (N.D.N.Y. Oct. 16, 1992) (citations omitted). Thus, the State of New York should be dismissed from this action.

In sum, the complaint fails to state a claim on which relief may be granted because both Defendants should be dismissed. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).

Should Plaintiff claim that this action should not be dismissed, he is directed to file an amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation. Any amended complaint, **which shall supersede and replace in its entirety Plaintiff's original complaint**, must allege claims of misconduct or wrongdoing against the Defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.

## II. Application to proceed *in forma pauperis*

A review of Plaintiff's *in forma pauperis* application reveals that he may proceed *in forma pauperis*. *See* Dkt. No. 2.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's complaint (Dkt. No. 1) be dismissed; and it is further

**RECOMMENDED**, that Plaintiff may file an amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended complaint, the Clerk enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that upon the filing of Plaintiff's amended complaint, the file in this matter be returned to the Court for further review; and it is further

**ORDERED**, that Plaintiff's *in forma pauperis* application (Dkt. No. 2) is granted;[1] and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 19, 2009
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.